IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| THE P&G HEALTH & LONGTERM DISABILITY PLAN, | : | Case No. 1:23-cv-372 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LONORRIS CALLOWAY, | : | |
| | : | |
| Defendant. | : | |

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 10)**

---

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 10). Defendant has not filed a response, and the time for doing so has passed. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the following reasons, Plaintiff's Motion for Default Judgment (Doc. 10) is **GRANTED IN PART AND DENIED IN PART.**

## FACTS

Plaintiff administers the disability plans for employees of The Procter & Gamble Company ("P&G"). (Compl., Doc. 1, ¶ 3.) Defendant, an employee of P&G, applied for benefits under the Disability Benefit Plans ("Plan") on August 14, 2017. (*Id.* at ¶¶ 4-5.) As a part of his application to the Plan, Defendant agreed to apply for Social Security benefits. (*Id.* at ¶ 6.) Defendant further agreed that his Plan benefits would be reduced by the amount of Social Security benefits he would receive, thus yielding the same monthly

benefit. (*Id.* at ¶ 7.) Under the Plan, Defendant had to reimburse Plaintiff for any overpayment by the Plan after he received Social Security benefits. (*Id.* at ¶ 14.)

Defendant's application to the Plan was approved. (Compl., Doc. 1, ¶ 9.) Under the Plan, Plaintiff paid Defendant $1,671 in monthly disability benefits from February 1, 2018, through March 4, 2019. (*Id.* at ¶ 9.) On September 26, 2020, Social Security retroactively awarded Defendant $762 in monthly disability benefits dating back to February 1, 2018. (*Id.* at ¶ 11.) Defendant received a lump-sum Social Security payment to cover these retroactive benefits from February 2018 to August 2020. (*Id.* at ¶ 12.) This resulted in the Plan overpaying Defendant by $9,978.57. (*Id.* at ¶ 13.) Defendant has not returned this overpayment to Plaintiff. (*Id.* at ¶ 15.)

## PROCEDURAL POSTURE

On June 15, 2023, Plaintiff brought claims against Defendant for (1) breach of contract, (2) unjust enrichment, (3) breach of fiduciary duty/Employee Retirement Income Security Act ("ERISA") trust, (4) constructive trust, (5) conversion, and (6) enforcement of disability plan terms to recover the overpayment. (*See* Compl., Doc. 1, ¶¶ 16-46.) After Defendant failed to timely respond to the pleadings or otherwise appear, Plaintiff applied for an entry of default against Defendants. (Default Application, Doc. 8.) The Clerk entered default against Defendant. (Default Entry, Doc. 9.) Plaintiff now moves for default judgment against Defendant. (Motion, Doc. 10.)

## LAW

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking entry of default against a defendant must first show, "by

2

affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id.* Following such entry, the plaintiff must apply to the court for a default judgment, except in cases where the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b).

Once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). That said, a court deciding whether to grant a motion for default judgment must still satisfy itself that the facts in the complaint state a claim for relief against the defendant. *Kuhlman v. McDonnell*, No. 1:20-CV-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022); *see also Harrison v. Bailey*, 107 F.3d 870 (Table), 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("Default judgments would not have been proper due to the failure to state a claim against these defendants.").

## ANALYSIS

Plaintiff seeks default judgment against Defendant, as well as an award for damages and costs. (*See* Motion, Doc. 10, Pg. ID 39-40.) The Court will address each issue in turn, starting with Plaintiff's ERISA claim.

### I. Liability

#### a. Breach of Fiduciary Duty/ERISA Trust

Plaintiff brings a claim for breach of fiduciary duty under ERISA. (Compl., Doc. 1, ¶¶ 27-34.) ERISA provides that a "civil action may be brought by . . . a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. §

3

1132(a)(2). In turn, 29 U.S.C. § 1109 states that:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate . . . .

29 U.S.C. § 1109(a). "[A] person is a fiduciary with respect to a plan to the extent . . . he . . . exercises any authority or control respecting management or disposition of [the plan's] assets." 29 U.S.C. § 1002(21)(A).

Defendant is a fiduciary of the Plan. Defendant received overpayments from the Plan. (*See* Compl., Doc. 1, ¶ 13.) These overpaid funds are Plan assets under ERISA. *See Brantley v. Pepsi Bottling Grp., Inc.*, 718 F. Supp. 2d 903, 915 (E.D. Tenn. 2010) (holding that overpaid benefits are plan assets). Defendant's retention of the Plan's assets imposes fiduciary duties onto Defendant. *See id*; 29 U.S.C. § 1002(21)(A). Thus, Defendant is a fiduciary of the Plan.

Defendant breached his fiduciary duty to the Plan. Under the Plan, Defendant had to repay to Plaintiff any overpayment he received from the Plan resulting from Social Security payments. (*See* Compl. Doc. 1, ¶¶ 7-10, 14.) After obtaining payments from the Plan, Defendant later received Social Security benefits, resulting in an overpayment from the Plan of $9,978.57. (*Id.* at ¶¶ 11-13.) Because Defendant did not return the overpayments as required under the Plan, he violated his fiduciary duty. *See* 29 U.S.C. § 1104; *Brantley*, 718 F. Supp. 2d at 915. Thus, default judgment on Plaintiff's breach of fiduciary duty/ERISA trust claim is proper. *See Int'l Painters and Allied Trades Indus.*

4

*Pension Fund v. Aragones*, 643 F. Supp. 2d 1329, 1336-37 (M.D. Fla. 2008) (granting default judgment for breach of fiduciary duty when the defendant did not repay benefit overpayments).

### b. Remaining Claims

The Court now turns to Plaintiff's remaining claims: (1) breach of contract, (2) unjust enrichment, (3) constructive trust, (4) conversion, and (5) enforcement of disability plan terms. (*See* Compl., Doc. 1, ¶¶ 16-26, 35-46.) Plaintiff does not indicate whether it brings these claims under state law or federal common law. (*See id.*); *see also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989) (recognizing that federal courts have the authority to "develop a federal common law of rights and obligations under ERISA-regulated plans") (quotation omitted). Under either theory, the remaining claims fail.

ERISA preempts Plaintiff's remaining claims to the extent that Plaintiff brings them under state law. ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. §§ 1144(a), (c)(1). A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). Plaintiff brings its remaining claims in relation to Defendant's retainment of the overpayment received from the Plan. (Compl., Doc. 1, ¶¶ 16-26, 35-46.) Because these claims relate to an employee benefit plan, ERISA supersedes these claims in the event they were brought under state law. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

Plaintiff's remaining claims also fail if they were brought under federal common law. Federal courts use federal common law in ERISA actions "to fill the interstices of the

5

statute." *Girl Scouts of Middle Tenn., v. Girl Scouts of the U.S.A.*, 770 F.3d 414, 420 (6th Cir. 2014). Courts may thus repackage state-law claims in areas "where ERISA does not provide for a particular cause of action." *Id.* This authority is restricted to circumstances in which "(1) ERISA is silent or ambiguous; (2) there is an awkward gap in the statutory scheme; or (3) federal common law is essential to the promotion of fundamental ERISA policies." *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 511 (6th Cir. 2014). These factors are not present here. As noted above, ERISA provides for a cause of action against Defendant as a plan fiduciary. 29 U.S.C. §§ 1109, 1132(a)(2). Thus, Plaintiff can only recover on its ERISA claim and these remaining claims must fail in the event they were brought under federal common law.

## II. Damages and Costs

Finally, Plaintiff seeks $9,978.57 in damages and $436.91 in costs. (Motion, Doc. 10, Pg. ID 39-40.) As noted above, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Vesligaj v. Peterson*, 331 F. App'x. 351, 355 (6th Cir. 2009) (quotations omitted). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quotations omitted). While "the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, No. 2:11-CV-377, 2011 U.S. Dist. LEXIS 129260, at *1 (S.D. Ohio Nov. 7, 2011) (citation omitted). Based

on the evidence presented, the Court finds a hearing on damages to be unnecessary. The Court will consider each request in turn.

### a. Monetary Damages

Plaintiff is entitled to $9,978.57 in damages. A fiduciary of an employee benefits plan "who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a). Defendant's retention of the overpayment he received from the Plan resulted in a loss to the Plan of $9,978.57. (*See* Compl., Doc. 1, ¶ 33.) Plaintiff provided documentation outlining (1) Defendant's receipt of funds from the Plan, (2) Defendant's receipt of Social Security benefits, (3) the extent and duration of the Plan's overpayment, and (4) the total amount of the overpayment. (*See* P&G Worksheet, Doc. 10-3, Pg. ID 74.) The Court is therefore satisfied that Plaintiff is entitled to recover $9,978.57 for Defendant's breach of his fiduciary duty to the Plan. *See* 29 U.S.C. § 1109.

### b. Costs

Plaintiff may also recover $436.91 in costs. (Motion, Doc. 10, Pg. ID 39-40.) ERISA permits Plaintiff to recover costs. 29 U.S.C. § 1132(g). Plaintiff detailed the costs associated with this matter, such as expenses for filing fees and postage. (*See* Counsel Affidavit, Doc. 10-3, Pg. ID 70; Cost Description, Doc. 10-3, Pg. ID 76.) The Court finds that these costs are reasonable and compensable.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1. Plaintiff's Motion for Default Judgment (Doc. 10) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request for default judgment is **GRANTED** as to Defendant's liability for Plaintiff's breach of fiduciary/ERISA trust claim. Plaintiff's request for default judgment is **DENIED** as to Defendant's liability for Plaintiff's claims of (1) breach of contract, (2) unjust enrichment, (3) constructive trust, (4) conversion, and (5) enforcement of disability plan terms.

2. Default judgment is **ENTERED** against Defendant for Plaintiff's breach of fiduciary duty/ERISA trust claim in the following amounts:

    a. $9,978.57 in damages; and

    b. $436.91 in costs.

3. This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND